ELLICE vs. WINN.

Where an *alien* was enabled by special act of the legislature to take, hold and convey real estate, subject to the restriction that he should not *demise* any part thereof, or *charge the same with rent*, and by a subsequent act of the legislature, it was enacted that all lands purchased by such alien, previous to the passage of the last act, should vest in him in the same manner as if he had been *duly naturalized* at the time the title to such lands was acquired; *it was held* by the court, that the *inhibition to lease*, contained in the first act, was removed by the second; and that an action lay for the recovery of rent, reserved in a lease executed by the alien, of lands, the title to which was acquired by him previous to the passage of the last act.

THE plaintiff declared in *assumpsit*, for the *rent* of a lot of land in the town of Little Falls in the county of Herkimer, accrued under a demise made to the defendant on the 1st January, 1823, for the term of two years. The defendant pleaded that the plaintiff is an *alien*, a subject of the king of Great Britain, and *not a citizen* of this state or of the United States, by *naturalization* or otherwise; that on the 15th April, 1817, an act was passed by the legislature of this state, reciting that *Alexander Ellice*, late of London, had died seised of a considerable real estate within this state, leaving his widow and children his devisees and heirs; that such devisees and heirs were desirous to grant their interest in the premises to *Edward Ellice*, so as to enable him to dispose of the same in fee simple, but that he was disabled to take by purchase, by reason of his alienage, and therefore enacting that *Edward Ellice* should be enabled to take by purchase, from his co-devisees and heirs, all their right, title and interest in and to such real estate; and that it should be lawful for *Edward Ellice* to grant and convey the same to any person or persons author-

ized to purchase and hold real estate within this state, adding, however, a *proviso*, that it should not be lawful for him to *demise* any part of such real estate for any term, or to *charge the same with any rent:* and after thus setting forth the act of the legislature, the defendant averred that the lot of land demised to him was a part and parcel of the estate whereof Alexander Ellice died seised, &c. ; whereof, he prayed judgment, if, &c. The plaintiff replied, *confessing* all the matters alleged in the plea, and alleging, by way of *avoidance*, that on the 5th April, 1822, *another act of the legislature* was passed, whereby *Edward Ellice*, the plaintiff in this cause, and a number of other individuals named therein, are respectively enabled to take real property within this state, either by devise, descent or purchase, &c. ; and by a section of that act, it is enacted that all lands, tenements or hereditaments, purchased before the passage of such act by any of the persons named therein, shall *vest in such persons respectively in the same manner as if they had been duly naturalized at the time the title to any such lands, &c. was acquired;* that the demise, under which the rent in this case was claimed, was made subsequent to the passage of the last mentioned act, to wit, on, &c. and this, &c. wherefore, &c. To this replication, the defendant *demurred*.

*E. P. Hurlbut*, for the defendant.

*G. H. Feeter*, for the plaintiff.

*By the Court*, NELSON, J. The only question presented by the demurrer to the replication is, whether the inhibition to lease, in the law of 1817, was removed by the act of 1822.

The former act gave to the plaintiff a capacity to *take, hold* and convey any real estate within this state, of which Alexander Ellice died seised, with the exception of the power to lease; the latter invests him with the same capacity as possessed by any natural born or naturalized citizen to take *any real estate* within this state, either *devise, descent* or purchase, and to *hold* or *dispose* of the same. The second section gives to the first a retrospective effect as it regards any

*(margin note)* UTICA, July, 1834. Ellice v. Winn.

UTICA,
July, 1834.

claim by previous purchase, devise or descent. It is clear, if the law of 1817 had not been in existence, the title of the plaintiff would become perfect and absolute to the lands there referred to, by reason of the purchase from the widow and heirs of his father, recited in the preamble to that law, and we are not aware of any principle or reason which will prevent this operation, notwithstanding its existence. If the legislature intended to except the real estate held under the law of 1817 from that of 1822, they would have said so in terms. This must have appeared to them manifestly necessary, as the latter act put the plaintiff upon a footing with natural born citizens, in point of capacity, to take, hold and convey real estate both as to the past and future, thereby removing every and all disabilities by reason of alienism. It perfected all past titles, and enabled him to acquire new titles.

Since the act of 1822, I can perceive no objection to the plaintiff deriving title to the premises in question, under that act; and if so, his power of leasing is indisputable. This construction is also in harmony with the liberal spirit of that act. Such a sweeping power would not have been granted, if the legislature had intended that the restriction of the act of 1817 should continue.

Judgment for plaintiff.